GALOB et v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8906.  Decided Apr. 16, 1928.

Syllabus by Editorial Staff.

CRIMINAL LAW.

(190 W)  Conflict of evidence not sufficient to reverse judgment. Must be outstanding feature showing jury acted under misapprehension or error.

(190 E4)  Jury not required to reject testimony of brother against accused.

(190 C)  Charge that, "It has been frequently said that Justice is blind.  Justice is deaf and dumb as well," held not prejudicial.

Error to Common Pleas.

Judgment affirmed.

F. J. Kmiecik, Cleveland, for Galob.
E. C. Stanton, Cleveland, for State.

STATEMENT OF FACTS.

The Grand Jury returned an indictment against the plaintiffs in error, charging them jointly with burglary and larceny, and upon trial a verdict of guilty was rendered in both cases and upon motions for new trial the motions were overruled and due exceptions taken thereto, and thus error is prosecuted.

It seems that on July 4, 1927, a certain warehouse in Cuyahoga County was burglarized and thirty-six containers of white lead, weighing in all 3600 pounds, were stolen.

SULLIVAN, P. J.

As is usual in such cases, the evidence is conflicting and we are compelled to rely upon the rules of law as to the duty of the reviewing courts, in cases involving the weight of the evidence. Of course in criminal cases the evidence must be of such a nature and character that it is sufficient in its essence and substance of character to satisfy the minds of the jury beyond the existence of a reasonable doubt on all the essential elements of the crime.

We must bear in mind in reviewing a criminal case that the jurors are the triers of the facts and it is within the province of that tribunal to weigh the evidence under the instructions of the court.

A simple conflict in the evidence is not sufficient to reverse the judgment. Some outstanding projecting feature must appear in the record to show to reasonable minds that the jury acted under some misapprehension or error to the extent that the verdict is a shock to the senses.

We do not find any such status in the record in the instant case. It is true there is some evidence to show that one of the witnesses, a brother, testifying against one of the defendants, but this is not in and of itself sufficient to deprive the jury of its judgment as to the truth of the testimony even though the act or conduct of the witness might be considered unnatural inasmuch as the testimony was directed against a brother. This does not mean, however, that under such a situation the brother has committed perjury, unless there is something in the record which makes it apparent that he violated his oath to tell the truth, the whole truth and nothing but the truth, even though it was against the defendant, his brother.

We find no evidence that would warrant the jury in disclaiming the testimony of the brother and no serious claim for the charge of perjury arises from the record excepting that perhaps at one time the defendant brother testified against the witness. This matter, however, was submitted to the jury and this was the tribunal that was to determine the question of the truth or falsity of the witnesses.

It is charged that the court erred in using the following expression,

"It has been frequently said that Justice is blind. Justice is deaf and dumb as well."

It is charged that in Lambert et al v. State of Ohio, 105 OS. 219, that the court held that such a charge would be error by the use of the following language:

"A charge of the court commenting and placing undue weight upon the credibility of circumstantial as compared with direct evidence, is error."

From a reading of the entire charge we do not consider that these excerpts from the charge were prejudicial to the defendants in any manner and consequently it is our holding that there is no error in this respect.

Thus holding, the Court of Common Pleas is hereby affirmed.

(Vickery and Levine, JJ., concur.)

(Sullivan, PJ., Vickery and Levine, JJ., concur.)